IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CYNTHIA WARNER,<br>　　　　*Plaintiff*<br><br>-vs-<br><br>TRUMBULL INSURANCE COMPANY,<br>HARTFORD FIRE INSURANCE<br>COMPANY,  LADDER NOW, LLC,<br>BRANDON TOLLIVER,<br>　　　　*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | SA-22-CV-00604-XR |

## ORDER

On this date, the Court considered Plaintiff Cynthia Warner's motion for remand (ECF No. 5), the response filed by Defendants Trumbull Insurance Company and Hartford Fire Insurance Company (ECF No. 6), and Plaintiff's reply (ECF No. 7). After careful consideration, Plaintiff's motion for remand is **DENIED**.

## BACKGROUND

This case arises out of an insurance dispute between Plaintiff Cynthia Warner and Defendants Trumbull Insurance Company ("Trumbull"), Hartford Fire Insurance Company ("Hartford"), Ladder Now, LLC ("Ladder Now"), and Brandon Tolliver. Plaintiff owns the property located at 8615 Wood Place, San Antonio, Texas 78251 (the "Property"). ECF No. 1-1 ¶ 22. She alleges that her home suffered severe damages a result of a windstorm on or about May 7, 2020. Plaintiff filed a claim with Trumbull, and Trumbull assigned Brandon Tolliver as claim representative. Tolliver retained Ladder Now for inspection of the Property.

Warner alleges that the Ladder Now representative who inspected her roof—"the only adjuster ever to actually come to [her] Property and see it with their own eyes"—was not licensed as an insurance adjuster in the State of Texas, failed to conduct a reasonable

investigation under Texas law, made negligently or intentionally faulty damages findings, and negligently and fraudulently misrepresented findings concerning covered damages to Plaintiff. ECF No. 1-1 ¶¶ 25–26. Plaintiff asserts that Trumbull should have dispatched one of its own adjusters to inspect her Property in person before denying her claim and that it has repeatedly and unreasonably delayed payment of her claim. *Id.* ¶¶ 26–27. Plaintiff further alleges that she submitted a claim for damages to her home caused by a water leak, but neither Tolliver nor Trumbull performed any investigation into this loss. *Id.* ¶ 28.

Warner commenced the state court action by filing an Original Petition on April 27, 2022, in the 45th Judicial District Court, Bexar County, Texas. The petition alleges claims against Trumbull and Hartford—referring to them collectively as "Trumbull"—for breach of contract, bad faith, and declaratory judgment. *Id.* ¶¶ 52–62, 92–94. The petition further asserts claims against Trumbull, Tolliver, and Ladder Now for violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act, negligent misrepresentation, common law fraud, and civil conspiracy. *Id.* ¶¶ 35–51, 63–76, 71–91. Plaintiff also seeks to recover exemplary damages and attorneys' fees. *Id.* ¶¶ 99–104.

On June 8, 2022, Trumbull served Plaintiff's counsel with a written notice of its election to accept whatever liability Ladder Now may have to Plaintiff in connection with her claims, pursuant to § 542A.006 of the Texas Insurance Code. ECF No. 1-3 at 2–5. That same day, Trumbull removed the case to this Court on the basis of diversity jurisdiction. ECF No. 1. According to Trumbull, this Court has jurisdiction under 28 U.S.C. § 1332 because the amount of controversy exceeds $75,000, and there is complete diversity of citizenship between the parties. *Id.* ¶ 15. Trumbull alleges that for diversity purposes Plaintiff is a citizen of Texas, Trumbull and Hartford are both citizens of Connecticut, and Tolliver is a citizen of Illinois. *Id.* ¶¶

3–6, 13, 15. Although Ladder Now is believed to be a citizen of Texas, Trumbull contends that its citizenship should be disregarded because it is not a proper party under the doctrine of improper joinder based on Trumbull's post-suit § 542A.006 election. *Id.* ¶¶ 7–9, 14.

Plaintiff timely moved to remand the case to state court, arguing that Trumbull's post-filing, pre-removal election under § 542A.006 does not establish that Ladder Now is improperly joined and that removal is barred by the voluntary-involuntary rule. *See* ECF No. 5. Trumbull opposes remand. ECF No. 6.

## DISCUSSION

### I.   Legal Standards

A defendant may remove an action to federal court where the matter in controversy exceeds $75,000 and is between "citizens of different states." 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(a). Diversity jurisdiction typically requires "complete diversity" between all plaintiffs and all defendants. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The jurisdictional facts that support removal must be judged at the time of removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *see also Martinez v. Pfizer Inc.*, 388 F. Supp. 3d 748, 761 (W.D. Tex. 2019) ("because jurisdiction is fixed at the time of removal, the jurisdictional facts supporting removal are examined as of the time of removal"). The removal statute is strictly construed in favor of remand. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

A removing party can establish federal jurisdiction based on 28 U.S.C. § 1332 by demonstrating that an in-state defendant has been "improperly joined." *Smallwood v. Ill. Cent. R.*

*Co.*, 385 F.3d 568, 573 (5th Cir. 2004). To establish improper joinder, a removing party must show an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003). A plaintiff cannot establish a cause of action against an in-state defendant if there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. The burden is on the removing party, and the burden of demonstrating improper joinder is a heavy one. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011).

II.   Analysis

Section 542A.006 of the Texas Insurance Code provides that in any action to which Chapter 542A applies "an insurer that is a party to the action may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant." TEX. INS. CODE § 542A.006(a). An insurer may make such an election "before a claimant files an action" or "thereafter," and in either case "the court shall dismiss" the action against the agent with prejudice. *Id.* §§ 542A.006(b), (c). Regardless of whether the insurer makes an election "before a claimant files an action" or "thereafter," the result is the same: "the court shall dismiss" the action against the agent with prejudice. *Compare id.* § 542A.006(b) *with* § 542A.006(c). The only difference the timing of the election makes is that when it is made pre-suit, "no cause of action exists" against the agent. *Id.* § 542A.006(b). In any case, an insurer "may not revoke, and a court may not nullify, an insurer's election." *Id.* § 542A.006(f). The statute does not require the insurer's written notice of the election to be made in any particular form, nor does it require the insurer to take any steps other

4

than the election in order for the court to dismiss the action against the agent. *See generally id.* § 542A.006.

There is a split among the district courts in this circuit over the effect that the timing of an election under § 542A.006(a) has on the improper-joinder analysis. *Yarco Trading Co., Inc. v. United Fire & Cas. Co.*, 397 F. Supp. 3d 939, 949–50 (S.D. Tex. 2019) (citing *River of Life Assembly of God v. Church Mut. Ins. Co.*, 1:19-CV-49-RP, 2019 WL 1767339, at *5 (W.D. Tex. Apr. 22, 2019) (Pitman, J.)). One line of decisions has concluded that an insurer's § 542A.006 election renders the selected adjusters improperly joined—regardless of whether the election occurred before or after a plaintiff brought suit—because the election, which requires that the adjuster be dismissed with prejudice, precludes recovery against those adjusters. *Id.*; *Shenavari v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:19-CV-4159, 448 F. Supp. 3d 667 (S.D. Tex. 2020) (collecting cases). Another line of decisions, the majority view, has concluded that the timing of an insurer's § 542A.006 election is of paramount importance, reasoning that the touchstone of an improper-joinder inquiry is whether parties were "improperly joined" at the time they were joined. *Yarco*, 397 F. Supp. 3d 939 (granting motion to remand and collecting cases).

Unsurprisingly, Plaintiff urges the Court to adopt the majority view. ECF No. 5 at 7–15. This Court has consistently endorsed the minority view, however, and can find no reason to depart from it here. *See, e.g.*, *Southbound, Inc. v. Firemen's Ins. Co. of Wash., D.C.*, No. SA-21-CV-78-XR, 2021 WL 932045, at *3 (W.D. Tex. Mar. 10, 2021); *444 Utopia Lane, LLC v. Peleus Ins. Co.*, No. SA-20-CV-0716-XR, 2020 WL 4593209, at *2 (W.D. Tex. Aug. 11, 2020); *Bexar Diversified MF-1, LLC v. Gen. Star Indem. Co.*, No. SA-19-CV-00773-XR, 2019 WL 6131455, at *3 (W.D. Tex. Nov. 18, 2019); *Flores v. Allstate Vehicle & Prop. Ins. Co.*, No. SA-18-CV-742-XR, 2018 WL 5695553, at *5 (W.D. Tex. Oct. 31, 2018) ("[E]ven when a plaintiff asserts

viable claims against an insurance agent, an election of liability by the insurer for the agent's acts or omissions is sufficient to show improper joinder on the basis that there is no reasonable basis to predict that the plaintiff might be able to recover against the agent.").

Plaintiff insists that "[i]n accepting the liability of its third-party adjuster, Trumbull admits that Ms. Warner *indeed* has a 'establish[ed] cause of action' against Ladder Now. Otherwise, there would be no need to 'accept whatever liability [] may be found against Ladder Now.'" ECF No. 5 at 4–5 (emphasis and alterations in original) (quoting ECF No. 1-3 at 2). In other words, Plaintiff suggests that the election itself acknowledges Ladder Now's potential liability.[1] Even if the Court were to accept a § 542A.006 election as an admission to an agent's potential liability, the effect of the election is to preclude recovery against the agent. Thus, this Court's approach is in line with the Fifth Circuit's holding in *Smallwood*. *See Smallwood*, 385 F.3d at 573 ("[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant."); *see also Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) (stating that the propriety of removal is "to be determined according to the plaintiffs' pleading at the time of the petition for removal.").

Plaintiff further argues that the voluntary-involuntary rule bars removal of this matter. ECF No. 5 at 7–8. It is well established, however, that improper joinder is an exception to the voluntary-involuntary rule. *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 295 (5th Cir. 2019), as revised (Aug. 23, 2019) ("When the non-diverse defendant was improperly joined, 'the voluntary-involuntary rule is inapplicable.'") (quoting *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006)). In addition, contrary to Plaintiff's suggestion that Trumbull should have moved for and obtained actual dismissal of Ladder Now from the state-court

---

[1] Plaintiff's reasoning would apply with equal force to pre-suit elections. But courts agree that when an insurer makes its election before an insured files suit, no cause of action exists against the agent. *Bexar Diversified*, 2019 WL 6131455, at *3 (collecting cases).

6

proceeding prior to removal, *see* ECF No. 5 at 7–8, this is not required under the improper joinder doctrine. *Flores v. Allstate Vehicle & Prop. Ins. Co.*, No. SA-18-CV-742-XR, 2018 WL 5695553, at *5 (W.D. Tex. Oct. 31, 2018); *see also Bexar Diversified*, 2019 WL 6131455, at *5 ("Neither Chapter 542A nor the Fifth Circuit's improper joinder doctrine require a removing party to first move to dismiss a non-diverse defendant. We find no reason to impose such a procedural hurdle now.").

Because Trumbull elected to accept all of Ladder Now's liability under § 542A.006 of the Texas Insurance Code, the Court concludes that recovery against Ladder Now is impossible and that Ladder Now was improperly joined. Accordingly, the Court will disregard its citizenship and exercise subject matter jurisdiction over the remaining Defendants.

## CONCLUSION

For the reasons stated herein, Plaintiff's motion for remand (ECF No. 5) is **DENIED**. Because the Court concludes that Ladder Now is improperly joined to this action, all claims against Defendant Ladder Now, LLC are hereby **DISMISSED WITHOUT PREJUDICE**.

It is so **ORDERED**.

**SIGNED** this 17th day of August, 2022.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE